UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| HANOVER PREST-PAVING COMPANY d/b/a HANOVER ARCHITECTURAL PRODUCTS, <br><br> Plaintiff, <br><br> -against- <br><br> KELCO CONSTRUCTION, INC. and TWO TREES MANAGEMENT CO. LLC, <br><br> Defendants. | Civil Action No.: 19-cv-2106 <br><br> **COMPLAINT WITH JURY DEMAND** |

Plaintiff Hanover Prest-Paving Company d/b/a Hanover Architectural Products ("Hanover"), as and for its complaint against defendants Kelco Construction, Inc. ("Kelco") and Two Trees Management Co. LLC ("Two Trees"), alleges as follows:

### INTRODUCTION

1. Hanover manufacturers high-quality custom paving products. In August 2017, Kelco and Two Trees ordered over $600,000 of custom paving products for use in the construction of a waterfront recreational park on the site of the old Domino Sugary Refinery located at 314 Kent Avenue, Brooklyn, New York (the "Project").

2. By no fault of Hanover, Kelco and Two Trees overestimated the amount of custom-ordered product they required for the Project, but did not advise Hanover of their error until after Hanover had manufactured their entire custom-made order. Kelco and Two Tress unjustifiably failed to pay Hanover in full for the manufactured products.

3. Despite Hanover's efforts to collect the unpaid balance due, Kelco and Two Trees have failed to pay the balance, and currently owe Hanover $93,584.82, with interest and attorneys' fees continuing to accrue.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over the matter as a result of the complete diversity of citizenship of the parties, pursuant to 28 U.S.C. § 1332.

5. Plaintiff Hanover is a corporation organized under the laws of Pennsylvania, having a principal place of business in Pennsylvania.

6. Upon information and belief, Defendant Kelco is a domestic business corporation organized under the laws of New York, having its principal place of business in Hauppauge, New York.

7. Upon information and belief, Two Trees is a domestic limited liability company organized under the laws of New York, in which none of its members are citizens of Pennsylvania, but are citizens of New York.

8. The amount in controversy as to Plaintiff's claims as of the date hereof, exclusive of interest and costs, exceeds $75,000.

9. Venue is appropriate in this District, pursuant to 28 U.S.C. § 1391(b)(1)(2) and (3).

## FACTUAL ALLEGATIONS

10. On August 4, 2017, Kelco and Two Trees entered into a contract with Hanover calling for Hanover to manufacture custom paving products for use at the Project (the "Contract").

11. The Contract was memorialized by Hanover Purchase Order #203558-00 ("PO 203558-00"). Kelco representative Jacob Brown signed PO 203558-00 on behalf of Kelco and Two Trees.

12. The Contract was expressly subject to Hanover's terms and conditions, which are contained on its website (the "Terms and Conditions").

13. The Terms and Conditions provide that all amounts owed to Hanover by Kelco and Two Trees "accrue interest at the rate of two (2%) percent per month, or the maximum rate permitted by law, whichever is less, from due date."

14. The terms and conditions further required that Kelco and Two Trees "reimburse Hanover for all costs of collection accrued by Hanover, including, without limitation, attorney's fees."

15. Hanover manufactured the custom paving products that Kelco and Two Trees ordered in accordance with the Contract's terms.

16. By May 2018, Kelco and Two Trees had become delinquent in their payment obligations under the Contract and owed Hanover $308,746.60. Of that amount, $216,718.00 related to products that Hanover had already shipped to the Project and $92,028.60 pertained to products that Hanover had manufactured at Kelco and Two Trees' request, but which had not been shipped.

17. In June 2018, Hanover learned that the Project was complete.

18. On June 15, 2018, Hanover's counsel sent Kelco and Two Trees correspondence demanding payment of the outstanding $308,746.60.

19. Thereafter, Hanover received payment in the amount of $216,718.00 for the products shipped to the Project. This left an outstanding balance of $92,028.60, which pertained to products that Hanover manufactured at Kelco and Two Trees' request, but which had not yet been shipped.

4184084

20. Hanover's counsel then had several communications with Two Trees' representative Michael Lampariello. Mr. Lampariello advised that Two Trees and Kelco no longer needed any more products.

21. Hanover's counsel responded that that was unacceptable, because Hanover had already manufactured all of the products Kelco and Two Trees ordered pursuant to the Contract's terms and could not be resold, as they were custom-made to Kelco and Two Trees' specifications.

22. Two Trees then paid Hanover $16,800.00, leaving an outstanding balance of $75,228.60. Of this $75,228.60, $74,025.00 was due for pavers Hanover custom made for Kelco and Two Trees, and $1,203.60 pertained to mastic Kelco and Two Trees purchased for use at the Project.

23. On August 22, 2018, Hanover's counsel sent correspondence demanding immediate payment of the outstanding $74,025.00 balance related to the custom-made pavers. No payment was received thereafter.

24. Thus, as of the date of this Complaint, Kelco and Two Trees owe Hanover a principal balance of $75,228.60.

25. Further, under the Terms and Conditions, Hanover is entitled to recover and collect interest accruing on that principal balance at a rate of at least two percent per month since February 2018, and all attorneys' fees and costs associated with its attempts to collect this past due amount.

26. Hanover has incurred attorneys' fees to collect the debt in excess of $2,000 through the date hereof.

27. To date, interest has accrued in an amount no less than $16,356.22 through the date hereof.

## COUNT I
### (Breach of contract against Kelco)

28. Hanover repeats and realleges each and every allegation above as though fully set forth herein.

29. The Contract is a valid and binding agreement under which Kelco was obligated to pay Hanover for all amounts due thereunder.

30. Hanover performed all of its obligations under the Contract.

31. Kelco breached the Contract by failing to pay Hanover for all amounts due thereunder.

32. As a direct and proximate result of Kelco's breach of the Contract, Hanover has been damaged in an amount to be determined at trial but not less than $93,584.82 as of the date hereof.

## COUNT II
### (Breach of Contract Against Two Trees)

33. Hanover repeats and realleges each and every allegation above as though fully set forth herein.

34. The Contract is a valid and binding agreement under which Two Trees was obligated to pay Hanover for all amounts due thereunder.

35. Hanover performed all of its obligations under the Contract.

36. Two Trees breached the Contract by failing to pay Hanover for all amounts due thereunder.

37. As a direct and proximate result of Two Trees' breach of the Contract, Hanover has been damaged in an amount to be determined at trial but not less than $93,584.82 as of the date hereof.

**WHEREFORE**, Hanover respectfully requests that judgment be entered in its favor as follows:

(A) on Count I, against Kelco, awarding Hanover monetary damages in an amount to be determined at trial but not less than $93,584.82;

(B) on Count II, against Two Trees, awarding Hanover monetary damages in an amount to be determined at trial but not less than $93,584.82;

(C) awarding Hanover all pre-judgment interest, costs and attorneys' fees; and

(D) awarding Hanover such other and further relief as the Court deems just and proper.

Dated: New York, New York
April 11, 2019

**PORZIO, BROMBERG & NEWMAN, P.C.**

By: s/Gary M. Fellner
Gary M. Fellner
Russell L. Porter
156 West 56th Street, Suite 803
New York, NY 10019
Tel: 212-265-6888
*Attorneys for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all claims for which a jury trial is available.

Dated: New York, New York
April 11, 2019

                                           PORZIO, BROMBERG & NEWMAN, P.C.

                                           By: s/Gary M. Fellner
                                           *Attorneys for Plaintiff*